**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MANUEL BAROCIO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| CHICAGO POLICE OFFICER MARCOS | ) | |
| HERNANDEZ, STAR #7917; and THE CITY OF | ) | |
| CHICAGO, a Municipal Corporation, | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES, the PLAINTIFF, MANUEL BAROCIO, by and through his attorney, JEFFREY J. NESLUND, LAW OFFICE OF JEFFREY J. NESLUND and in complaining of the DEFENDANTS, CHICAGO POLICE OFFICERS MARCOS HERNANDEZ, STAR #7917 and THE CITY OF CHICAGO, a Municipal Corporation, states as follows:

### INTRODUCTION

1. This is an action for civil damages brought under Illinois State law and 42 U.S.C. Sec. 1983 for the deprivation of PLAINTIFF's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. PLAINTIFF, MANUEL BAROCIO, is an individual who at all times relevant hereto was present in the Northern District of Illinois.

4. DEFENDANT, CHICAGO POLICE OFFICERS MARCOS HERNANDEZ, STAR #7917 was at all times material hereto, a duly appointed Chicago Police Officer employed

1

by the City of Chicago acting in the capacity of sworn law enforcement officials.

5. The DEFENDANT, City of Chicago (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

**FACTUAL SUMMARY**

6. On April 7, 2018, PLAINTIFF, Manuel Barocio, and a friend, Jonathan Bustamonte, heard gunshots and immediately ducked down on the pavement in the vicinity of 3510 W. 25th Street.

7. DEFENDANT OFFICER MARCOS HERNANDEZ was on patrol with his partner, Chicago Police Officer David Andrew, when they saw Fernando Pena wearing a black hoodie running eastbound from the direction where the shots were fired carrying a black firearm in his right hand.

8. Officer Andrew immediately exited his vehicle and saw Fernando Pena toss the gun between two vehicles and continued to run eastbound.

9. Officer Andrew chased Fernando Pena into an alley and apprehended him as he was entering the rear passenger side of a vehicle containing three other individuals.

10. DEFENDANT OFFICER HERNANDEZ exited his vehicle and detained PLAINTIFF, Manuel Barocio, despite the fact he did not have probable cause to believe the PLAINTIFF had violated any laws or committed any criminal offenses.

11. As additional units arrived, DEFENDANT OFFICER HERNANDEZ told the responding officers that the PLAINTIFF would be "good go to" and "just get his information" and that he was not the shooter.

12. DEFENDANT OFFICER HERNANDEZ recovered the gun from between the

vehicles were Fernando Pena had tossed the weapon.

13. While the PLAINTIFF was detained on the scene, the PLAINTIFF as well as his companion, Mr. Bustamonte, repeatedly told officers they had nothing to do with the shooting.

14. Despite the fact that PLAINTIFF had no connection to Fernando Pena, the shooting, or the other individuals in the car with Pena, DEFENDANT OFFICER HERNANDEZ falsely told supervisors on the scene that PLAINTIFF "threw the gun under a vehicle and was trying to get rid of it."

15. Based on DEFENDANT OFFICER HERNANDEZ'S false and fabricated statements regarding PLAINTIFF's conduct, PLAINTIFF was arrested and charged with Attempt Murder in connection with the shooting.

16. DEFENDANT OFFICER HERNANDEZ fabricated additional statements in sworn police reports that PLAINTIFF was taken into custody after he was "identified as the offender who fired shots striking two victims and attempted to discard the firearm throwing the handgun under a parked vehicle."

17. Based on the false and fabricated statements of DEFENDANT OFFICER HERNANDEZ, PLAINTIFF was detained in the Cook County Department of Corrections.

18. All criminal charges against the Plaintiff were dismissed by the Cook County State's Attorneys' Office on June 12, 2018.

### COUNT I
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention
(Defendant Officer Hernandez)

19. PLAINTIFF re-alleges and incorporates paragraphs 1-18 as fully stated herein.

20. As described above, DEFENDANT OFFICER HERNANDEZ falsely arrested and unlawfully detained PLAINTIFF without justification and without probable cause.

21. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the PLAINTIFF.

22. As a result of the above-described wrongful infringement of PLAINTIFF's rights, PLAINTIFF suffered damages, including but not limited to mental distress and anguish.

## COUNT II
### Fourth Amendment Claim for Deprivation of Liberty
(Defendant Officer Hernandez)

23. PLAINTIFF re-alleges and incorporates paragraphs 1-18 above as fully stated herein.

24. As a result of evidence fabricated by the DEFENDANT, the PLAINTIFF was deprived of his liberty and was incarcerated in the Cook County Department of Corrections.

25. But for the misconduct of the DEFENDANT outlined above, the PLAINTIFF would not have suffered a deprivation of his liberty.

26. The misconduct of DEFENDANT outlined above proximately caused injury to the PLAINTIFF, including, but not limited to prolonged incarceration, humiliation, embarrassment, and severe emotional distress.

## COUNT III
### Indemnification

27. PLAINTIFF re-alleges and incorporates paragraphs 1-18 as fully stated herein.

28. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

29. The DEFENDANT OFFICER acted within the scope of his employment in committing the misconduct described herein. Therefore, DEFENDANT CITY OF CHICAGO is

liable as his employer for any resulting damages or award of attorney's fees.

## REQUEST FOR RELIEF

30. PLAINTIFF, MANUEL BAROCIO, respectfully requests that the Court:

    a. Enter a judgment in his favor and against all Defendants;

    b. Award compensatory damages against all Defendants;

    c. Award attorney's fees against all Defendants;

    d. Award punitive damages against all Defendants; and

    e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

PLAINTIFF, MANUEL BAROCIO, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

    Respectfully submitted,

    /s/ Jeffrey J. Neslund
    JEFFREY J. NESLUND
    Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive - Suite 3710
Chicago, Illinois 60606
(312) 223-1100