**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MANUEL BAROCIO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19cv08105 |
| | ) | |
| v. | ) | Judge Wood |
| | ) | |
| CHICAGO POLICE OFFICER MARCOS | ) | Mag. Cummings |
| HERNANDEZ, STAR #7917; CHICAGO POLICE | ) | |
| DETECTIVE CHRISTOPHER WARE, STAR | ) | |
| #21593; CHICAGO POLICE DETECTIVE DAVID | ) | |
| KOCH, STAR #21133; CHICAGO POLICE | ) | |
| DETECTIVE ENRIQUE PACHECO, STAR | ) | |
| #20258; and THE CITY OF CHICAGO, a | ) | |
| Municipal Corporation, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES, the PLAINTIFF, MANUEL BAROCIO, by and through his attorney, JEFFREY J. NESLUND, LAW OFFICE OF JEFFREY J. NESLUND and in complaining of the DEFENDANTS, CHICAGO POLICE OFFICERS MARCOS HERNANDEZ, STAR #7917; CHICAGO POLICE DETECTIVE CHRISTOPHER WARE, STAR #21593; CHICAOG POLICE DETECTIVE DAVID KOCH, STAR #21133; CHICAGO POLICE DETECTIVE ENRIQUE PACHECO, STAR #20258 and THE CITY OF CHICAGO, a Municipal Corporation, states as follows:

**INTRODUCTION**

1. This is an action for civil damages brought under Illinois State law and 42 U.S.C. Sec. 1983 for the deprivation of PLAINTIFF's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the

1

facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. PLAINTIFF, MANUEL BAROCIO, is an individual who at all times relevant hereto was present in the Northern District of Illinois.

4. DEFENDANTS, CHICAGO POLICE OFFICERS MARCOS HERNANDEZ, STAR #7917; CHICAGO POLICE DETECTIVE CHRISTOPHER WARE, STAR #21593; CHICAOG POLICE DETECTIVE DAVID KOCH, STAR #21133; CHICAGO POLICE DETECTIVE ENRIQUE PACHECO, STAR #20258 were at all times material hereto, a duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

5. The DEFENDANT, City of Chicago (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

**FACTUAL SUMMARY**

6. On April 7, 2018, PLAINTIFF, Manuel Barocio, and a friend, Jonathan Bustamonte, heard gunshots and immediately ducked down on the pavement in the vicinity of 3510 W. 25th Street.

7. DEFENDANT OFFICER MARCOS HERNANDEZ was on patrol with his partner, Chicago Police Officer David, when they saw Fernando Pena wearing a black hoodie running eastbound from the direction where the shots were fired carrying a black firearm in his right hand.

8. Officer David immediately exited his vehicle as Fernando Pena placed the gun on the ground and continued to run eastbound.

9. Officer David chased Fernando Pena into an alley and apprehended him as he was

entering the rear passenger side of a vehicle containing two other individuals.

10. DEFENDANT OFFICER HERNANDEZ exited his vehicle and detained PLAINTIFF, Manuel Barocio, despite the fact he did not have probable cause to believe the PLAINTIFF had violated any laws or committed any criminal offenses.

11. As additional units arrived, DEFENDANT OFFICER HERNANDEZ told the responding officers that the PLAINTIFF would be "good go" and "just get his information" and that he was not the shooter.

12. DEFENDANT OFFICER HERNANDEZ recovered the gun where Fernando Pena had placed the weapon.

13. While the PLAINTIFF was detained on the scene, the PLAINTIFF as well as his companion, Mr. Bustamonte, repeatedly told officers they had nothing to do with the shooting.

14. Despite the fact that PLAINTIFF had no connection to Fernando Pena, the shooting, or the other individuals in the car with Pena, DEFENDANT OFFICER HERNANDEZ falsely told supervisors on the scene that PLAINTIFF "threw the gun under a vehicle and was trying to get rid of it."

15. Based on DEFENDANT OFFICER HERNANDEZ'S false and fabricated statements regarding PLAINTIFF's conduct, PLAINTIFF was arrested and charged with the Attempt Murder of two individuals in connection with the shooting.

16. DEFENDANT OFFICER HERNANDEZ fabricated statements in sworn police reports that PLAINTIFF was taken into custody after he was "identified as the offender who fired shots striking two victims and attempted to discard the firearm throwing the handgun under a parked vehicle."

17. DEFENDANT HERNANDEZ put false statements into PLAINTIFF'S arrest

report, including that PLAINTIFF had been identified by both shooting victims, when, if fact, PLAINTIFF had no connection to the shooting and had not been identified by anyone when DEFENDANT HERNANDEZ submitted his sworn report.

18. Defendant Detectives WARE #21593, KOCH# 21133 and PACHECO # 20258 (the "DEFENDANT DETECTIVES") were assigned to investigate the shooting.

19. The DEFENDANT DETECTIVES fabricated evidence regarding the purported identifications of the Plaintiff as the shooter.

20. Based on the false and fabricated statements of DEFENDANT OFFICER HERNANDEZ and the DEFENDANT DETECTIVES, the PLAINTIFF was detained in the Cook County Department of Corrections.

21. All criminal charges against the Plaintiff were dismissed by the Cook County State's Attorneys' Office on June 12, 2018.

## COUNT I
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention
(Defendant Officer Hernandez)

22. PLAINTIFF re-alleges and incorporates paragraphs 1-21 as fully stated herein.

23. As described above, DEFENDANT OFFICER HERNANDEZ falsely arrested and unlawfully detained PLAINTIFF without justification and without probable cause.

24. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the PLAINTIFF.

25. As a result of the above-described wrongful infringement of PLAINTIFF's rights, PLAINTIFF suffered damages, including but not limited to mental distress and anguish.

4

## COUNT II
**Fourth Amendment Claim for Deprivation of Liberty**
(Defendant Officer Hernandez and Defendant Detectives)

26. PLAINTIFF re-alleges and incorporates paragraphs 1-21 above as fully stated herein.

27. As a result of evidence fabricated by the DEFENDANTS, the PLAINTIFF was deprived of his liberty and was incarcerated in the Cook County Department of Corrections.

28. But for the misconduct of the DEFENDANTS outlined above, the PLAINTIFF would not have suffered a deprivation of his liberty.

29. The misconduct of DEFENDANTS outlined above proximately caused injury to the PLAINTIFF, including, but not limited to prolonged incarceration, humiliation, embarrassment, and severe emotional distress.

## COUNT III
**Conspiracy**
*(All Defendants)*

30. PLAINTIFF re-alleges and incorporates paragraphs 1- 21 above.

31. The DEFENDANT OFFICER HERNANDEZ and DEFENDANT DETECTIVES conspired with each other to falsely charge the PLAINTIFF with false felony offenses that deprived him of his liberty. The DEFENDANTS took overt acts in furtherance of this conspiracy, which included:

    a. filing false criminal complaints against the PLAINTIFF;

    b. writing false, misleading and/or incomplete police reports;

    c. improperly coerced, pressured or otherwise manipulated shooting victim Pablo Gonzales into identifying the Plaintiff;

    d. providing false, misleading and/or incomplete statements to prosecutors; and

  e. making false statements under oath in the criminal proceedings.

32. The DEFENDANTS acted in concert with each other to deprive PLAINTIFF of his rights guaranteed by the United States Constitution.

## COUNT IV
### Indemnification

33. PLAINTIFF re-alleges and incorporates paragraphs 1-21 as fully stated herein.

34. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

35. The DEFENDANT OFFICER acted within the scope of his employment in committing the misconduct described herein. Therefore, DEFENDANT CITY OF CHICAGO is liable as his employer for any resulting damages or award of attorney's fees.

## REQUEST FOR RELIEF

36. PLAINTIFF, MANUEL BAROCIO, respectfully requests that the Court:

  a. Enter a judgment in his favor and against all Defendants;

  b. Award compensatory damages against all Defendants;

  c. Award attorney's fees against all Defendants;

  d. Award punitive damages against all Defendants; and

  e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

PLAINTIFF, MANUEL BAROCIO, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

                                                    Respectfully submitted,

                                                    /s/ Jeffrey J. Neslund
                                                    JEFFREY J. NESLUND
                                                    One of the Attorneys for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive - Suite 3710
Chicago, Illinois 60606
(312) 223-1100

Rob Robertson
Robertson Duric
One North LaSalle Street, Suite 300
Chicago, IL 60602
(312) 223-8600